Debtor    Audacy, Inc.          Case number *(if known)* _____
        Name

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
              (State)

Case number *(if known):* _____     Chapter    11

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | |
|---|---|
| **1. Debtor's Name** | **Audacy, Inc.** |
| **2. All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Entercom Communications Corp.** |
| **3. Debtor's federal Employer Identification Number (EIN)** | **23-1701044** |

**4. Debtor's address**

**Principal place of business**

**2400 Market Street**
Number      Street

**4th Floor**

**Philadelphia, Pennsylvania 19103**
City         State     Zip Code

**Philadelphia**
County

**Mailing address, if different from principal place of business**

Number      Street

City         State     Zip Code

**Location of principal assets, if different from principal place of business**

Number      Street

City         State     Zip Code

**5. Debtor's website (URL)**     www.https://audacyinc.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Audacy, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5151 (Radio and Television Broadcasting)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the ***Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11*** (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ MM/DD/YYYY | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

| Debtor | **See Rider 1** | Relationship | _____ |
|---|---|---|---|
| District | _____ | When: | _____ MM / DD / YYYY |
| Case number, if known | _____ | | |

Debtor   Audacy, Inc.                                             Case number *(if known)*
_____
Name

**11. Why is the case filed in *this* district?**   *Check all that apply:*

 ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

 ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

 **Why does the property need immediate attention?** (*Check all that apply.*)

 ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

  What is the hazard? _____

 ☐ It needs to be physically secured or protected from the weather.

 ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

 ☐ Other _____

 **Where is the property?** _____
         Number  Street

          _____ _____ _____
          City       State  Zip Code

 **Is the property insured?**

 ☐ No

 ☐ Yes.   Insurance agency _____

     Contact name _____

     Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1] The estimated number of creditors and estimated amounts of assets and liabilities are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

| Debtor | Audacy, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☒ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

⊙   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

⊙   I have been authorized to file this petition on behalf of the debtor.

⊙   I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **01/07/2024**
MM/ DD / YYYY

**✗**   **/s/Richard J. Schmaeling**                     Richard J. Schmaeling
Signature of authorized representative of debtor         Printed name

Title   **Executive Vice President & Chief Financial Officer**

**18. Signature of attorney**

**✗**   **/s/John F. Higgins**             Date   **01/07/2024**
Signature of attorney for debtor                MM/DD/YYYY

**John F. Higgins**

**Porter Hedges LLP**
Firm name

**1000 Main St., 36th Floor**
Number                  Street

**Houston**                          **TX**        **77002**
City                                State       ZIP Code

**(713) 226-6648**                   jhiggins@porterhedges.com
Contact phone                       Email address

**09597500**                **TX**
Bar number              State

Official Form 201A (12/15)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Audacy, Inc., | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>001-14461</u>.

2.      The following financial data is the latest available information and refers to the debtor's condition on <u>September 30, 2023</u>.

| | | | | |
|---|---|---|---|---|
| a. | Total assets | | $ | 2,788,943,000 |
| b. | Total debts (including debts listed in 2.c., below) | | $ | 2,662,320,000 |
| c. | Debt securities held by more than 500 holders: <u>No</u>[1] | | | |

Approximate<br>number of<br>holders:

| | | | | Amount | Holders |
|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | N/A | N/A |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | N/A | N/A |

| | | |
|---|---|---|
| d. | Number of shares of preferred stock | 0 |
| e. | Number of shares common stock | 4,866,563 |

Comments, if any: <u>Audacy, Inc. had 4,866,563 Class A Common Stock, 134,839 Class B Common Stock, and 0 Class C Common Stock, issued and outstanding as of September 30, 2023.</u>

---

[1]   Debt securities holder amounts based on One Time Special Security Position Reports from the Depository Trust Company as of October 23, 2023.

3.      Brief description of debtor's business: <u>Audacy, Inc. is a leading multi-platform audio content and entertainment company with the country's best collection of local music, news and sports brands, a premium podcast creator, major event producer and digital innovator</u>.

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: <u>Joseph M. Field and David J. Field.</u>

## RIDER 1

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), filed a petition with this Court for relief under chapter 11 of the Bankruptcy Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Debtor | Federal Tax ID |
|---|---|
| Audacy, Inc. | 23-1701044 |
| Audacy Texas, LLC | 20-5421646 |
| AmperWave, LLC | 87-3140529 |
| Audacy Arizona, LLC | 83-2538062 |
| Audacy Atlas, LLC | 88-3717891 |
| Audacy California, LLC | 23-2988461 |
| Audacy Capital Corp. | 13-4142467 |
| Audacy Corp. | 13-2766282 |
| Audacy Colorado, LLC | 80-0017731 |
| Audacy Connecticut, LLC | 83-2547623 |
| Audacy Florida, LLC | 23-2988465 |
| Audacy Georgia, LLC | 01-0652444 |
| Audacy Illinois, LLC | 36-3313126 |
| Audacy International, LLC | 88-2430803 |
| Audacy Kansas, LLC | 23-2988463 |
| Audacy License, LLC | 23-3027894 |
| Audacy Louisiana, LLC | 23-3017794 |
| Audacy Maryland, LLC | 52-1879752 |
| Audacy Massachusetts, LLC | 04-2665178 |
| Audacy Miami, LLC | 02-0574908 |
| Audacy Michigan, LLC | 38-2804000 |
| Audacy Minnesota, LLC | 83-2587919 |
| Audacy Missouri, LLC | 82-4852293 |
| Audacy Networks, LLC | 87-1321976 |
| Audacy Nevada, LLC | 83-2594621 |
| Audacy New York, LLC | 16-1574853 |
| Audacy North Carolina, LLC | 23-3017788 |
| Audacy Ohio, LLC | 83-2618191 |
| Audacy Operations, Inc. | 04-3196245 |
| Audacy Oregon, LLC | 23-2955467 |
| Audacy Pennsylvania, LLC | 23-3014535 |
| Audacy Properties, LLC | 27-0761268 |
| Audacy Radio Tower, LLC | 20-0477218 |
| Audacy Rhode Island, LLC | 20-0841746 |
| Audacy Services, LLC | 87-3450767 |

| Debtor | Federal Tax ID |
| --- | --- |
| Audacy South Carolina, LLC | 23-3017789 |
| Audacy Sports Radio, LLC | 46-0977704 |
| Audacy Tennessee, LLC | 23-3017792 |
| Audacy Virginia, LLC | 23-3017796 |
| Audacy Washington DC, LLC | 52-1493122 |
| Audacy Washington, LLC | 23-2988459 |
| Audacy Wisconsin, LLC | 23-3051015 |
| Cadence 13, LLC | 82-1397666 |
| Eventful, LLC | 20-1055301 |
| Infinity Broadcasting LLC | 94-1453607 |
| Podcorn Media, LLC | 82-4825871 |
| Pineapple Street Media LLC | 81-2298269 |
| QL Gaming Group, LLC | 47-5209916 |

**AUDACY, INC.**
**Unanimous Written Consent of the Board of Directors**

**THE UNDERSIGNED**, being all of the members of the Board of Directors (the "**Board**") of Audacy, Inc. (f/k/a Entercom Communications Corp.) (the "**Company**"), a Pennsylvania corporation, hereby consent, pursuant to Section 1727(b) of the Pennsylvania Business Corporation Law, to the adoption of the following resolutions as of January 4, 2024, which shall have the same force and effect as if adopted at a duly convened meeting of the Board at which a quorum was present and voting throughout:

**Chapter 11 Cases**

**WHEREAS**, the Board previously determined it was advisable and in the best interests of the Company to evaluate possible refinancing and restructuring transactions involving some or all of the Company's existing indebtedness, which may include, in connection therewith or as an alternative thereto, the possible sale or issuance of equity interests in the Company, consensual or nonconsensual liability restructuring transactions or other strategic business transactions involving the Company (any such transaction, a "**Potential Transaction**"); and

**WHEREAS**, the Board previously established and appointed a special committee of independent and disinterested directors of the Board (the "**Special Committee**") to investigate, evaluate and negotiate one or more Potential Transactions, including, without limitation, (i) to manage and administer the process of reviewing Potential Transactions, (ii) to determine the appropriate strategy and personnel for engaging in discussions with respect to one or more Potential Transactions, (iii) to retain and supervise external advisors with respect to one or more Potential Transactions, (iv) to approve or disapprove any Potential Transaction, (v) to make a recommendation to the Board with respect to any Potential Transaction approved by it, and (vi) to take such other actions with respect thereto.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, after consultation with management and the Company's professionals and advisors, that it is desirable and in the best interests of the Company, its creditors, and other interested parties, that the Company seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**");

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the Company is hereby authorized, and each Authorized Officer (as defined below) shall be, and hereby is, authorized and directed on behalf of the Company to commence a case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") by executing, verifying and delivering a voluntary petition in the name of the Company and the subsidiaries included on Exhibit A attached hereto under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**") in such form and at such time as the Authorized Officer executing said petition shall determine;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and directed on behalf of the Company, to seek to have the Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by its affiliated debtors, under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case, together with such other separate cases, the "**Chapter 11 Cases**");

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Officer deems necessary or appropriate, each in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the Company, as a debtor and debtor in possession under the Bankruptcy Code, shall be, and hereby is, authorized to: (i) execute and deliver a Chapter 11 plan having terms substantially consistent with those presented to the Board on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "**Plan**"), an associated disclosure statement (the "**Disclosure Statement**"), and any associated documents, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "**Restructuring Transactions**"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan or Disclosure Statement and the Restructuring Transactions;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee: (i) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession under the Bankruptcy Code, to take such actions and execute, acknowledge, deliver and verify the Plan and Disclosure Statement, and such agreements, certificates, notices and any and all other documents as any Authorized Officer may deem necessary or appropriate in connection with the Plan, the Disclosure Statement and any other related documents including any engagement letters, commitment letters, fee letters, credit documents or other documents in connections with the incurrence of indebtedness contemplated thereby (the "**Restructuring Documents**") and the Restructuring Transactions; (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; (iii) any Authorized Officer shall be, and hereby is, authorized and directed in the name of, and on behalf of the Company, as a debtor and debtor in possession, to authorize counsel to draft, file and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (iv) the actions of any Authorized Officer taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Officer, including the grant of replacement liens, as is reasonably necessary for the continuing affairs of the Company; and

2

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Officer.

## Restructuring Support Agreement

**WHEREAS**, the Board has reviewed and analyzed the materials presented by management and the Company's outside financial and legal advisors regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of the Company and its subsidiaries and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has reviewed and evaluated the proposed restructuring transaction involving the Company and certain of its subsidiaries that provides for, among other things, the execution of the Restructuring Support Agreement substantially in the form presented to the Board (including the exhibits and schedules thereto, the "**Restructuring Support Agreement**");

**WHEREAS**, the Special Committee has approved of the Restructuring Support Agreement and recommended that the Board enter into the Restructuring Support Agreement; and

**WHEREAS**, under the totality of the circumstances, the Board has determined that it is desirable and in the best interests of the Company and its stakeholders generally that the Company enter into the Restructuring Support Agreement, on the terms and conditions set forth therein.

**NOW, THEREFORE, BE IT RESOLVED**, that, under the totality of the circumstances and based on the recommendation of the Special Committee, the Restructuring Support Agreement is in the best interests of the Company and the form, terms and provisions of the Restructuring Support Agreement in substantially the form presented to the Board, together with such further modifications or changes thereto as any of the Authorized Officers of the Company (or any equivalent authorized person) deems necessary or advisable, including the terms and conditions set forth therein and the transactions contemplated thereby, be, and hereby are, approved, adopted, authorized and ratified by the Board in all respects;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the Board hereby approves, adopts, authorizes and ratifies in all respects the Restructuring Support Agreement;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to the extent applicable, to enter into the Restructuring Support Agreement and to enter into any agreements, documents, or instruments related thereto;

**FURTHER RESOLVED**, that the execution, delivery and performance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby, on the terms set forth in the Restructuring Support Agreement by the applicable parties, be, and hereby are, approved, adopted, authorized and ratified in all respects; and

FURTHER RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, in the name and on behalf of the Company, to execute and deliver and to cause the Company to perform, as applicable, all the obligations and actions pursuant to and in furtherance of the Restructuring Support Agreement and the consummation of the transactions contemplated thereby.

## DIP Credit Agreement

WHEREAS, the Board has determined that it is in the best interests of the Company and its stockholders (i) to consummate the transactions (the "**DIP Transactions**") contemplated by that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement, to be dated on or about January 7, 2024, by and among Audacy Capital Corp., the guarantors from time to time party thereto, the lenders party thereto, and Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent (the "**DIP Credit Agreement**"), with defined terms used herein having the meanings given such terms in the DIP Credit Agreement, (ii) to enter into, deliver and perform its obligations under the DIP Credit Agreement and any and all agreements, documents, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the DIP Credit Agreement (including, without limitation, payoff letters, intercreditor agreements, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, promissory notes, guaranties, security and pledge agreements, cash management agreements, assignments, collateral assignments, fee letters, engagement letters, commitment letters and other customary loan documents, third party collateral access agreements, insurance certificates, bailee letters, deposit account control agreements, securities account control agreements, Uniform Commercial Code financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents) (together with the DIP Credit Agreement, collectively, the "**DIP Loan Documents**") and any amendments, restatements, modifications and supplements to any of the foregoing, on such terms and conditions as any Authorized Officer, acting alone, deems to be in the best interests of the Company, and (iii) to authorize the payment of all fees and expenses in accordance with the DIP Loan Documents.

NOW, THEREFORE, BE IT RESOLVED, that, based on the recommendation of the Special Committee, the DIP Transactions are in all respects authorized, approved and ratified and that any Authorized Officer is authorized and empowered (i) to execute and deliver or cause to be executed and delivered, and the secretary or any other Authorized Officer of the Company is authorized to attest to such execution or delivery of, in the name of and on behalf of the Company, the DIP Credit Agreement, any other DIP Loan Documents and any other document related to the consummation of the DIP Transactions, any amendments, restatements, modifications or supplements to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the DIP Transactions, (ii) to perform or cause to be performed on behalf of the Company, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Officer deems to be in the best interests of the Company, and (iii) to pay all fees and expenses in accordance with the DIP Loan Documents;

FURTHER RESOLVED, that, based on the recommendation of the Special Committee, any Authorized Officer is hereby authorized and empowered, in the name and on behalf of the Company, to negotiate, execute and deliver the DIP Credit Agreement and the other DIP Loan Documents (including, without limitation, any borrowing request and any letter of credit requests), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or appropriate to the performance of the Company's obligations or the

4

exercise of the Company's rights pursuant to the DIP Credit Agreement and the other DIP Loan Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of the Company with such negotiation, execution and delivery of the DIP Credit Agreement and the other DIP Loan Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the incurrence of indebtedness, any guarantee of indebtedness, the grant of security interests and pledges by the Company as contemplated in the DIP Loan Documents, and any additional liens pursuant to any additional mortgage agreements, security agreements, pledge agreements or deeds of trust that the DIP Credit Agreement may require, and the execution and filing of documents, agreements, financing statements, mortgages and instruments in connection therewith, are hereby authorized, approved, and adopted, as applicable;

**FURTHER RESOLVED**, that, to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Officer of the Company, who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (i) authorize such Controlled Company to take any action that the Company is authorized to take hereunder and/or (ii) take any action on behalf of such Controlled Company that an Authorized Officer is herein authorized to take on behalf of such Controlling Company; and

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates or documents heretofore executed and acts heretofore done in connection with the DIP Transactions approved by these resolutions and any other transactions contemplated by the DIP Credit Agreement and the other DIP Loan Documents are hereby ratified, confirmed, approved and adopted in all respects, and these resolutions have not been modified, rescinded or amended and are in full force and effect.

<u>Receivables Securitization Program</u>

**WHEREAS**, the Company is a party to that certain Performance Guaranty, dated as of July 15, 2021, with DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt am Main (the "**Agent**"); and

**WHEREAS**, the Board has determined that it is in the best interests of the Company and its stockholders (i) to consummate the transactions (the "**Receivables Transactions**") contemplated by and to be evidenced by (a) that certain Omnibus Amendment, by and among Autobahn Funding Company LLC, the Agent, Audacy Receivables, LLC (the "**AR Facility Borrower**"), Audacy Operations, Inc. (the "**AR Facility Servicer**"), Audacy New York, LLC (the "**AR Facility Transferor**"), the originators listed as party thereto (the "**Originators**") and the Company (the "**Omnibus Amendment**"), (b) that certain Amended and Restated Purchase and Sale Agreement, by and among the AR Facility Transferor, the Originators and the AR Facility Servicer (the "**A&R Purchase and Sale Agreement**"), (c) that certain Amended and Restated Sale and Contribution Agreement, by and among the AR Facility Borrower, the AR Facility Transferor and the AR Facility Servicer (the "**A&R Sale and Contribution Agreement**"), (d) that certain

Amended and Restated Receivables Purchase Agreement, by and between the AR Facility Borrower, the Agent, the lenders party thereto and the AR Facility Servicer (the "**A&R Receivables Purchase Agreement**") and (e) that certain Amended and Restated Performance Guaranty, by and between the Company, as performance guarantor and the Agent (the "**A&R Performance Guaranty**"), with defined terms used herein having the meanings given such terms in the A&R Receivables Purchase Agreement, (ii) to enter into, deliver and perform its obligations under the Omnibus Amendment, the A&R Performance Guaranty and any and all agreements, documents, amendments, instruments, certificates, acknowledgments, statements, and papers as may be contemplated by or entered into in connection with the Omnibus Amendment and the A&R Performance Guaranty (including, without limitation, payoff letters, intercreditor agreements, consents to assignment, subordination agreements, interest rate protection and other hedging agreements, letters of credit and master letter of credit agreements, promissory notes, guaranties, security and pledge agreements, cash management agreements, assignments, collateral assignments, fee letters, engagement letters, commitment letters and other customary loan documents, third party collateral access agreements, insurance certificates, bailee letters, deposit account control agreements, securities account control agreements, Uniform Commercial Code financing statements, mortgages, deeds of trust, warehouse notifications, collateral assignments, and other customary secured loan documents) (together with the Omnibus Amendment and the A&R Performance Guaranty, collectively, the "**Receivables Documents**") and any amendments, restatements, modifications and supplements to any of the foregoing, on such terms and conditions as any Authorized Officer, acting alone, deems to be in the best interests of the Company, and (iii) to authorize the payment of all fees and expenses in accordance with the Receivables Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that, based on the recommendation of the Special Committee, the Receivables Transactions are in all respects authorized, approved and ratified and that any Authorized Officer is authorized and empowered (i) to execute and deliver or cause to be executed and delivered, and the secretary or any other Authorized Officer of the Company is authorized to attest to such execution or delivery of, in the name and on behalf of the Company, the Omnibus Amendment, the A&R Performance Guaranty, any other Receivables Documents and any other document related to the consummation of the Receivables Transactions, any amendments, restatements, modifications or supplements to any of the foregoing and any and all additional documents and certificates to be executed and delivered in connection with the Receivables Transactions, (ii) to perform or cause to be performed on behalf of the Company, all of the obligations and exercise all of the rights thereunder on such terms and conditions as any Authorized Officer deems to be in the best interests of the Company, and (iii) to pay all fees and expenses in accordance with the Receivables Documents;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, any Authorized Officer is hereby authorized and empowered, in the name and on behalf of the Company, to negotiate, execute and deliver the Omnibus Amendment, the A&R Performance Guaranty and the other Receivables Documents (including, without limitation, any borrowing request and any letter of credit requests), take all actions (including, without limitation, the expenditure of funds) deemed by such Authorized Officer to be necessary or appropriate to the performance of the Company's obligations or the exercise of the Company's rights pursuant to the Omnibus Amendment, the A&R Performance Guaranty and the other Receivables Documents, including, without limitation, entrance into amendments, restatements, modifications or supplements thereto, on such terms and conditions with such changes as any Authorized Officer may by his or her execution and delivery thereof deem to be in the best interests of the Company with such negotiation, execution and delivery of the Omnibus Amendment, the A&R Performance

Guaranty and the other Receivables Documents or any other documents to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board;

**FURTHER RESOLVED**, that, based on the recommendation of the Special Committee, the incurrence of indebtedness and the execution and filing of documents and agreements, in connection therewith, are hereby authorized, approved and adopted, as applicable; and

**FURTHER RESOLVED**, that any and all agreements, instruments, certificates or documents heretofore executed and acts heretofore done in connection with the Receivables Transactions approved by these resolutions and any other transactions contemplated by the Omnibus Amendment, the A&R Performance Guaranty and the other Receivables Documents are hereby ratified, confirmed, approved and adopted in all respects, and these resolutions have not been modified, rescinded or amended and are in full force and effect.

**Retention of Professionals**

**NOW, THEREFORE, BE IT RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain (i) Latham & Watkins LLP to act as bankruptcy co-counsel for the Company, (ii) Porter Hedges LLP to act as bankruptcy co-counsel for the Company, (iii) PJT Partners LP to act as investment banker for the Company, (iv) FTI Consulting, Inc. to act as financial advisor for the Company and (v) Epiq Corporate Restructuring to act as solicitation and subscription agent for the Company, in each case, in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Officer to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Officer shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Officer shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

**Amendment to Non-employee Director Compensation Policy**

**WHEREAS**, the Company maintains the Audacy, Inc. Non-employee Director Compensation Policy (the "**Policy**"), pursuant to which eligible directors are entitled to receive cash Board Retainer, Committee Membership Fees, and Committee Chair Fees (each as described in the Policy), as applicable, for their service on the Board;

WHEREAS, the Board Retainer, Committee Membership Fees and Committee Chair Fees are each paid in arrears in equal quarterly installments on May 31, August 31, November 30 and February 28 as set forth in the Policy; and

WHEREAS, based on the recommendation of the Compensation Committee of the Board (the "**Compensation Committee**"), the Board has determined that it is advisable and in the best interests of the Company that the Policy be amended such that the Board Retainer, Committee Membership Fees and Committee Chair Fees instead be paid in advance, subject to the director's entrance into a repayment agreement in a form acceptable to the Company providing that such director will repay a prorated amount of the after tax portion of such advanced fees in the event such director voluntarily terminates service on the Board prior to the end of the applicable calendar quarter, in equal quarterly installments on the first business day of each calendar quarter (i.e., the first business day following each of January 1, April 1, July 1 and October 1), and such first payment on January 2, 2024 shall have included the relevant portion of the Board Retainer, Committee Membership Fees and Committee Chair Fees relating to December 2023 (the "**Non-Employee Director Compensation Policy Amendment**").

NOW, THEREFORE, BE IT RESOLVED, that the Board hereby approves and adopts the Non-Employee Director Compensation Policy Amendment.

## General Authority and Ratification of Consistent Actions

NOW, THEREFORE, BE IT RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto (including, without limitation, the DIP Transactions and the DIP Loan Documents), be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

FURTHER RESOLVED, that all actions taken and agreements and documents executed by the Authorized Officers, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects;

FURTHER RESOLVED, that each Authorized Officer, acting alone, is authorized and directed on behalf of the Company to do or cause to be done, and to grant such powers of attorney as are necessary or desirable to do or be done on behalf of the Company or its subsidiaries, all such acts or things and to sign and deliver, or cause to be signed and delivered, all such agreements, documents, instruments and certificates, as such officer or officers may deem necessary, advisable or appropriate to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of the Company under the agreements and instruments referred to therein, with such execution and delivery of such agreements, documents, instruments or certificates to be conclusive evidence that the form, terms and provisions thereof have been approved by the Board;

FURTHER RESOLVED, that the Board hereby approves of the transactions discussed herein and all related documents, instruments and agreements relating to such transactions on behalf of the Company and hereby authorizes the Company to approve the transactions, and hereby authorizes the Company to enter into and perform each of their respective obligations in connection with the transactions and all related agreements, documents, instruments and certificates contemplated thereby; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "Authorized Officer" shall mean and include the Chief Executive Officer, President, Chief Financial Offer, Chief Accounting Officer, Controller, Treasurer, General Counsel, Secretary, Assistant Secretary, or any Assistant Secretary, Executive Vice President or Senior Vice President, of the Company.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

_____
David J. Field, Chairman

_____
Joseph M. Field, Chairman Emeritus

_____
David J. Berkman

_____
Sean R. Creamer

_____
Joel Hollander

_____
Louise C. Kramer

_____
Mark R. LaNeve

_____
Susan K. Neely

_____
Roger Meltzer

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

| | |
|---|---|
| _____ | _____ |
| David J. Field, Chairman | Joseph M. Field, Chairman Emeritus |
| | |
| _____ | _____ |
| David J. Berkman | Sean R. Creamer |
| | |
| _____ | _____ |
| Joel Hollander | Louise C. Kramer |
| | |
| _____ | _____ |
| Mark R. LaNeve | Susan K. Neely |
| | |
| _____ | |
| Roger Meltzer | |

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

_____
David J. Field, Chairman

_____
Joseph M. Field, Chairman Emeritus

_____
David J. Berkman

_____
Sean R. Creamer

_____
Joel Hollander

_____
Louise C. Kramer

_____
Mark R. LaNeve

_____
Susan K. Neely

_____
Roger Meltzer

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

| | |
|---|---|
| _____ | _____ |
| David J. Field, Chairman | Joseph M. Field, Chairman Emeritus |

_____

David J. Berkman

_____

Sean R. Creamer

_____

Joel Hollander

_____

Louise C. Kramer

_____

Mark R. LaNeve

_____

Susan K. Neely

_____

Roger Meltzer

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

_____
David J. Field, Chairman

_____
Joseph M. Field, Chairman Emeritus

_____
David J. Berkman

_____
Sean R. Creamer

_____
Joel Hollander

_____
Louise C. Kramer

_____
Mark R. LaNeve

_____
Susan K. Neely

_____
Roger Meltzer

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

_____            _____
David J. Field, Chairman                    Joseph M. Field, Chairman Emeritus


_____            _____
David J. Berkman                            Sean R. Creamer


_____            _Louise C Kramer_____
Joel Hollander                              Louise C. Kramer


_____            _____
Mark R. LaNeve                              Susan K. Neely


_____
Roger Meltzer


[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

_____
David J. Field, Chairman

_____
Joseph M. Field, Chairman Emeritus

_____
David J. Berkman

_____
Sean R. Creamer

_____
Joel Hollander

_____
Louise C. Kramer

_____
Mark R. LaNeve

_____
Susan K. Neely

_____
Roger Meltzer

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

_____       _____
David J. Field, Chairman             Joseph M. Field, Chairman Emeritus

_____       _____
David J. Berkman                  Sean R. Creamer

_____       _____
Joel Hollander                     Louise C. Kramer

_____       _____
Mark R. LaNeve                   Susan K. Neely

_____
Roger Meltzer

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

**IN WITNESS WHEREOF**, the undersigned have caused this Unanimous Written Consent to be executed as of the date first written above.

_____
David J. Field, Chairman

_____
Joseph M. Field, Chairman Emeritus

_____
David J. Berkman

_____
Sean R. Creamer

_____
Joel Hollander

_____
Louise C. Kramer

_____
Mark R. LaNeve

_____
Susan K. Neely

_____
Roger Meltzer

[Signature Page to UWC of Board of Directors of Audacy, Inc.]

<u>Exhibit A</u>

1. Audacy Capital Corp.
2. Audacy Corp.
3. Audacy Miami, LLC
4. Audacy Operations, Inc.
5. Audacy Arizona, LLC
6. Audacy California, LLC
7. Audacy Colorado, LLC
8. Audacy Connecticut, LLC
9. Audacy Florida, LLC
10. Audacy Georgia, LLC
11. Audacy Illinois, LLC
12. Audacy Kansas, LLC
13. Audacy Louisiana, LLC
14. Audacy Maryland, LLC
15. Audacy Massachusetts, LLC
16. Audacy Michigan, LLC
17. Audacy Minnesota, LLC
18. Audacy Missouri, LLC
19. Audacy Nevada, LLC
20. Audacy New York, LLC
21. Audacy North Carolina, LLC
22. Audacy Ohio, LLC
23. Audacy Oregon, LLC
24. Audacy Pennsylvania, LLC
25. Audacy Rhode Island, LLC
26. Audacy South Carolina, LLC
27. Audacy Tennessee, LLC
28. Audacy Texas, LLC
29. Audacy Virginia, LLC
30. Audacy Washington DC, LLC
31. Audacy Washington, LLC
32. Audacy Wisconsin, LLC
33. Audacy License, LLC
34. Audacy Properties, LLC
35. Podcorn Media, LLC
36. Pineapple Street Media LLC
37. Cadence 13, LLC
38. Audacy Atlas, LLC
39. AmperWave, LLC
40. Audacy International, LLC
41. Audacy Networks, LLC
42. Audacy Radio Tower, LLC
43. Audacy Services, LLC
44. Audacy Sports Radio, LLC
45. Eventful, LLC
46. Infinity Broadcasting LLC
47. QL Gaming Group, LLC

Debtor:  <u>Audacy, Inc., et al</u>          Case number (*if known*)_____
          <span style="font-size:small">Name</span>

---

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Audacy, Inc., et al</u>

United States Bankruptcy Court for the District of Delaware

Case number *(if known)*: _____

---

☐ Check if this is an
amended filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                              12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction value of collateral setoff** | **Unsecured claim** |
| 1 | Wilmington Savings Fund Society, FSB<br>ATTN: Raye Goldsborough<br>500 Delaware Ave<br>11th Floor<br>Wilmington, DE 19801 | Raye Goldsborough<br>EMAIL: rgoldsborough@wsfsbank.com<br>PHONE : (302)888-7580 | Credit Facility | | $882,817,913.00 | | Undetermined |
| 2 | Deutsche Bank Trust Company Americas<br>ATTN: Joseph Denno<br>1 Columbus Circle<br>New York, NY 10019 | Joseph Denno<br>EMAIL: joseph.denno@db.com<br>PHONE: (212) 250-2882 | 2029 Notes | | $559,338,750.00 | | Undetermined |
| 3 | Deutsche Bank Trust Company Americas<br>ATTN: Joseph Denno<br>1 Columbus Circle<br>New York, NY 10019 | Joseph Denno<br>EMAIL: joseph.denno@db.com<br>PHONE: (212) 250-2882 | 2027 Notes | | $480,846,944.00 | | Undetermined |
| 4 | Katz Media Group<br>ATTN: Brian Yuen<br>125 West 55th St, 8th Fl<br>New York, NY 10019 | Brian Yuen<br>EMAIL: Brian.Yuen@katzmediagroup.com<br>PHONE: (212)424-6000 | Trade | | | | $9,844,410.85 |
| 5 | Broadcast Music Inc<br>10 Music Square East<br>Nashville, TN 37203 | EMAIL: jpolly@bmi.com<br>PHONE: (615)401-2418 | Trade | | | | $3,558,403.97 |
| 6 | CBS Interactive<br>680 Folsom Street<br>San Francisco, CA 94107 | EMAIL: remittance@cbsinteractive.com | Trade | | | | $2,283,961.39 |
| 7 | Cox Reps Inc<br>1 Dag Hammarskjold Plaza<br>24th Floor<br>New York, NY 10017 | EMAIL: mediabilling@gamut.media | Trade | | | | $2,272,430.55 |

Debtor: Audacy, Inc., et al
_____Name_____

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction value of collateral setoff | Unsecured claim |
| 8  SoundExchange, Inc 733 10Th Street NW Washington, DC 20001 | EMAIL: mhuppe@soundexchange.com | Trade | | | | $1,800,000.00 |
| 9  Adswizz, Inc. 487 A South El Camino Real San Matro, CA 94402 | EMAIL: accounting@adswizz.com | Trade | | | | $1,457,404.50 |
| 10  Revive Media Inc 8512 Tuscany Ave Suite 320 Playa Del Rey, CA 90293 | EMAIL: adam@revivemedia.us PHONE: (402) 517-0010 | Trade | | | | $1,420,987.57 |
| 11  Amazon Web Services, Inc. ATTN: Will Hanft 410 Terry Avenue North Seattle, WA 98109-5210 | EMAIL: contracts-legal@amazon.com | Trade | | | | $1,154,134.51 |
| 12  Trans Union LLC 555 West Adams Street Chicago, IL 60661 | EMAIL: dig_billing@transunion.com PHONE: (312) 802-0732 | Trade | | | | $1,063,725.23 |
| 13  Skyline Commercial Interiors Inc 505 Sansome Street 7th Floor San Francisco, CA 94111 | EMAIL: maruz@skylineconstruction.build PHONE: (415) 908-2502 | Trade | | | | $1,022,574.38 |
| 14  Paedae Inc ATTN: Kenton Holliday 8605 Santa Monica Blvd 62545 West Hollywood, CA 90069-4109 | Kenton Holliday EMAIL: kenton.holliday@gimbal.com PHONE: (800) 882-5216 | Trade | | | | $980,716.83 |
| 15  Spotify USA Inc 150 Greenwich Street FL62 New York, NY 10007 | EMAIL: ar@spotify.com PHONE: (646) 823-4758 | Trade | | | | $959,644.45 |
| 16  Fox Corporation ATTN: Jeremy Moreland 5151 Wisconsin Avenue NW Washington, D.C. 20016 | Jeremy Moreland EMAIL: jeremy.moreland@foxtv.com PHONE: (202) 895-3062 | Trade | | | | $791,481.53 |
| 17  IHeartMedia Entertainment Inc 20880 Stone Oak Pkwy San Antonio, TX 78258 | EMAIL : katrinamiddleton@iheartmedia.com PHONE : (210) 253-4339 | Trade | | | | $661,419.07 |
| 18  Ando Media LLC 1440 Sainte-Catherine W.,Suite 1200 Montreal, QC, Canada H3G 1R8 | EMAIL: ar@tritondigital.com PHONE: (186) 644-84037 | Trade | | | | $653,421.70 |
| 19  STEPHANIE SOO YOON 4555 MYSTIC DR SANDY SPRINGS, GA 30342 | EMAIL: orassistant@unitedtalent.com PHONE: (310) 273-6700 | Trade | | | | $652,173.90 |

Debtor: <u>Audacy, Inc., et al</u>  
<span style="font-size:small">Name</span>

Case number (*if known*)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction value of collateral setoff | Unsecured claim |
| 20 | New Orleans Saints ATTN: Accounts Receivable 5800 Airline Dr Metairie, LA 70003 | EMAIL: greg.bensel@saints.nfl.com PHONE: (504) 731-1794 | Trade | | | | $614,344.00 |
| 21 | Wide Orbit 1160 Battery Street SUITE 300 San Francisco, CA 94111 | EMAIL: evillagran@wideorbit.com PHONE: (415) 214-2516 | Trade | | | | $609,750.14 |
| 22 | Meta Platforms Inc 1601 Willow Road Menlo Park, CA 94025 | EMAIL: payment@fb.com | Trade | | | | $524,700.93 |
| 23 | SEO Towncenter Inc 2600 Ashton Blvd Suite 300 Lehi, UT 84043 | EMAIL: ebonnett@boostability.com PHONE: (385) 287-0789 | Trade | | | | $513,561.29 |
| 24 | CLARITAS HOLDINGS INC 8044 Montgomery Rd, Ste. 455 Cincinnati, OH 45236 | EMAIL: billing@claritas.com PHONE: (844) 613-3164 | Trade | | | | $484,422.49 |
| 25 | Sesac Rights Management Inc 35 Music Square east Nashville, TN 37203 | EMAIL: scarpenter@sesac.com PHONE: (615) 932-7906 | Trade | | | | $462,910.33 |
| 26 | Fiscowl LLC 125 E Merritt Island Caswy #107-125 Merritt Island, FL 32952 | EMAIL: rebecca@analyticowl.com PHONE: (201) 486-0186 | Trade | | | | $448,746.23 |
| 27 | ZoomInfo Midco LLC 805 Broadway St Ste 900 Vancouver, WA 98660 | EMAIL: christina.ditraglia@zoominfo.com PHONE: (866) 904-96662 | Trade | | | | $405,447.79 |
| 28 | Spectrio LLC 4033 Tampa Rd Ste 103 Oldsmar, FL 34677 | EMAIL: remittance@spectrio.com PHONE: (800) 584-4653 | Trade | | | | $383,410.45 |
| 29 | Neustar Information Services, Inc. 21575 Ridgetop Circle Sterling, VA 20166 | EMAIL: support-infoservices@team.neustar.com PHONE: (844) 677-2878 | Trade | | | | $377,903.23 |
| 30 | RADIO MUSIC LICENSE COMMITTEE P.O. BOX 209002 Dallas, TX 75320 | EMAIL: bill@radiomlc.org PHONE: (615) 844-6260 | Trade | | | | $370,910.79 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Audacy, Inc., | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Cede & Co. | 94.9% |

Fill in this information to identify the case and this filing:

Debtor Name **Audacy, Inc.**

United States Bankruptcy Court for the:      **Southern District of Texas**

                                                                (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐ Schedule H: Codebtors *(Official Form 206H)*

☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration    Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

                                           ☒ */s/ Richard J. Schmaeling*

       **01/07/2024**
       MM/ DD/YYYY                            Signature of individual signing on behalf of debtor

                                            **Richard J. Schmaeling**

                                            Printed name
                                            **Executive Vice President & Chief Financial Officer**

                                            Position or relationship to debtor