**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AUDACY, INC., *et al.*, | § § | Case No. 24-90004 (CML) |
|  | § § | (Joint Administration Requested) |
| Debtors.[1] | § § § | (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN
ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
CREDITOR MATRIX AND LIST OF THE 30 LARGEST UNSECURED CREDITORS,
(II) MODIFYING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS, (III) AUTHORIZING THE DEBTORS TO REDACT CERTAIN
PERSONALLY IDENTIFIABLE INFORMATION,
<u>AND (IV) GRANTING RELATED RELIEF</u>**

> **Emergency relief has been requested. Relief is requested not later than 2:00 p.m. (prevailing Central Time) on January 8, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on January 8, 2024 at 2:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon**

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Audacy (the "**Case Website**").  The location of the Debtors' corporate headquarters and service address for purposes of these chapter 11 cases is:  2400 Market Street, 4th Fl, Philadelphia, PA 19103.

1

US-DOCS\144774642

> **in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") respectfully state the following in support of this emergency motion (the "**Motion**"):

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order (the "**Order**"), substantially in the form attached hereto:

    (i) authorizing the Debtors to file a consolidated creditor matrix and list of the 30 largest unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor;

    (ii) modifying the requirement to file a list of and provide notice directly to the equity security holders of Audacy, Inc.;

    (iii) authorizing the Debtors to redact certain personally identifiable information; and

    (iv) granting related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The bases for the relief requested herein are sections 105(a) and 107(c)(1) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "**Bankruptcy Code**"), Rules 1007, 2002, 6003, and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 9013-1 of the Bankruptcy Local Rules for the

Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**").

## BACKGROUND

5.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code and commenced these chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or an examiner has been made in the Chapter 11 Cases, and no official statutory committees have been appointed or designated by the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**").

6.      The facts and circumstances supporting this Motion are set forth in the *Declaration of Heath C. Gray in Support of the Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"),[2] filed concurrently herewith.[3]

7.      The Chapter 11 Cases are "prepackaged" cases commenced for the purpose of implementing an agreed restructuring of the Debtors' first lien senior secured loan debt and the Debtors' second lien secured note debt.  Prior to the Petition Date, the Debtors entered into the Restructuring Support Agreement, dated as of January 4, 2024 (as may be amended, modified, or supplemented, the "**Restructuring Support Agreement**") with beneficial holders of (a) approximately 82.2% of the Debtors' first lien senior secured loans and (b) approximately 73.6% of the Debtors' second lien secured notes.

8.      A plan of reorganization reflecting the terms of the Restructuring Support

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3]  The First Day Declaration and other relevant case information is available on the Case Website.

Agreement (as may be amended, modified, or supplemented, the "**Plan**") was filed on the Petition Date, along with a disclosure statement with respect to the Plan (as may be amended, modified, or supplemented, the "**Disclosure Statement**"). The Plan contemplates that all Allowed General Unsecured Claims (as defined in the Plan) will be paid in full or will otherwise be unimpaired.

9. Prior to the Petition Date, votes on the Plan were solicited from holders of Class 4 First Lien Claims and from certain eligible holders of Class 5 Second Lien Notes Claims (each as defined in the Plan), the only classes entitled to vote under the Plan. On the Petition Date, the Debtors filed a motion seeking, among other things, (a) conditional approval of the Disclosure Statement and authority to solicit votes on the Plan from the remaining holders of Class 4 First Lien Claims and Class 5 Second Lien Notes Claims, and (b) to schedule a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan. The Debtors seek to obtain confirmation of the Plan as quickly as the Court's schedule and requisite notice periods will permit.

## BASIS FOR RELIEF

**A.   A Consolidated Creditor Matrix is Warranted**

10. Pursuant to Bankruptcy Rule 1007(a)(1), a debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy involving more than one debtor in the Southern District of Texas, the filing of a consolidated creditor matrix by the lead debtor is consistent with the Complex Case Procedures. Here, the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, administratively burdensome, and of little incremental benefit. Accordingly, the Debtors respectfully request authority to file one consolidated list of creditors (the "**Creditor Matrix**") for all of the Debtors

on the lead case docket instead of uploading a text file for each case to avoid duplicate notice.

**B.     A Consolidated List of 30 Largest General Unsecured Creditors is Warranted**

11.     Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d).  Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "**Top 30 List**").  The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.  Moreover, granting this relief is consistent with the Complex Case Procedures, which require the lead debtor to "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors."  Complex Case Procedures, ¶ 14(a).  Although they reserve the right to do so in the future, by this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs (the "**Schedules and Statements**") or to substantively consolidate the Debtors.

**C.     Modification of the Requirements to File a List of and to Provide Notice Directly to the Equity Security Holders Under the Circumstances of the Chapter 11 Cases**

12.     The Bankruptcy Rules also contain certain requirements with respect to a debtor's equity security holders.  Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen (14) days after the petition date, a list of the debtor's equity security holders and the last known address or place of business of each holder.  Fed. R. Bankr. P. 1007(a)(3).  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing.  Fed. R. Bankr. P. 2002(d). Bankruptcy courts have authority to modify or waive the requirements under both rules.  Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the

debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

13. The Debtors believe that the requirements to file a list of, and to provide notice directly to, equity holders should be modified as to Audacy, Inc. under the circumstances of the Chapter 11 Cases. As an initial matter, Audacy, Inc. is the ultimate corporate parent of the Debtors. The shares of common stock of Audacy, Inc. are quoted on the OTC Markets under the symbol "AUDA." However, a significant number of Audacy, Inc.'s outstanding shares are held through nominees and, as a result, Audacy, Inc. does not maintain a complete list of the beneficial holders of its equity securities. Preparing and submitting such a list with last known addresses for each such beneficial holder and sending notices directly to all such parties, to the extent possible, would create undue expense and administrative burden. To comply with Bankruptcy Rule 1007(a)(3), the Debtors propose to file, within fourteen days of the Petition Date, a list of the registered holders of Audacy, Inc.'s common stock.

14. In lieu of providing notice directly to, beneficial holders of Audacy, Inc.'s equity securities, the Debtors intend to file an 8-K with the U.S. Securities and Exchange Commission on or around the Petition Date, which will notify security holders of Audacy, Inc. of the commencement of the Chapter 11 Cases. In addition, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Audacy, Inc.'s

common stock as soon as is practicable. Accordingly, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to Audacy, Inc.'s equity security holders be modified as set forth herein.

### D. Redaction of Certain Confidential Information is Appropriate

15. Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under [the Bankruptcy Code].
>
> (B) [o]ther information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

16. In addition, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors and their non-Debtor affiliates do business. For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "**CCPA**"), which provides individuals domiciled in California the right to, among other things, request their collected personal information, including postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties. Violators risk injunctions and civil penalties of up to $2,500 for each violation and up to $7,500 for each intentional violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California ("**CCPA Entities**") that collect and process consumers' personal data and satisfy one of the following criteria: (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from

selling consumers' personal information. Cal. Civ. Code § 1798.140(c)(1). The Debtors likely qualify as CCPA Entities because the Debtors' annual gross revenue exceeds $25 million.

17.     Other jurisdictions also have privacy protection regulations that may apply to the Debtors. For example, the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "**UK GDPR**"), the European General Data Protection Regulation (the "**EU GDPR**"), and similar laws in other jurisdictions, impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and home addresses of individuals and individual business contacts) ("**Personal Data**"). The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data. The legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of the Chapter 11 Cases. In addition, the UK GDPR and EU GDPR require that any processing comply with the data minimization principle, which requires that any processing must be necessary in relation to its purpose. The right of individual creditors not to have their unredacted names and home and email addresses disclosed on the public docket would likely override the legitimate interest of disclosing such information to facilitate the Chapter 11 Cases. Disclosure in an unredacted form therefore risks breaching the UK GDPR and EU GDPR on account of (a) having no legal basis and (b) breaching the minimization principle.

18.     It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases, including the Creditor Matrix, the following personally identifiable information of the Debtors' current and former employees, independent contractors, customers, creditors, equity security holders (solely to the extent they are natural

persons), and any other natural persons: (a) names, (b) home and email addresses, and (c) any other personally identifiable information. Such redaction is warranted because, among other reasons, the publication of such information may violate United States privacy laws, the CCPA, the UK GDPR, the EU GDPR, and other similar laws and could be used to perpetrate identify theft or phishing scams or to harass or stalk such individuals, exposing the Debtors to potential civil liability and significant financial penalties. Absent the relief requested herein, the Debtors could jeopardize the privacy and safety of individual parties in interest in the Chapter 11 Cases by publishing their names and home addresses without any advance notice or opportunity to opt out or take protective measures.

19.     The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in the Chapter 11 Cases (if any), and (d) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to the Chapter 11 Cases.

## EMERGENCY CONSIDERATION

20.     The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Local Rule 9013-1(i), the Complex Case Procedures, and Bankruptcy Rule 6003, which authorizes a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." The Debtors believe that an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of the Chapter 11 Cases. As discussed above and in the First Day Declaration, any delay in granting the relief requested could jeopardize the privacy and safety of individual parties in interest in the Chapter 11 Cases and expose the Debtors to

liability. As such, the Debtors believe that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003, and the Debtors believe that emergency consideration is necessary and respectfully request that this Motion be heard on an emergency basis.

## RESERVATION OF RIGHTS

21. Nothing contained herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against any of the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of any Debtor's or any other party in interest's rights to dispute any claim on any grounds; (c) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of any Debtor's estate; (f) a waiver of any Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a waiver of any claims or causes of action which may exist against any entity.

## NOTICE

22. The Debtors have provided or will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors; (c) the agent and counsel for the agent for the First Lien Credit Facility; (d) the trustee and counsel for the trustee for the Second Lien Secured Notes; (e) the agent and counsel for the agent for the Postpetition Securitization Program; (f) counsel for the First Lien Ad Hoc Group; (g) counsel for the Second Lien Ad Hoc Group; (h) the United States Attorney's Office for the Southern District of Texas; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for states in which the Debtors conduct business; (l) the Federal

Communications Commission; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors believe that no other or further notice is required or needed under the circumstances.

[*The remainder of this page is intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Order, substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: January 7, 2024

Respectfully submitted,
*/s/John F. Higgins*
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
Megan Young-John (TX Bar No. 24088700)
**PORTER HEDGES LLP**
1000 Main St., 36th Floor
Houston, Texas 77002
Tel:   713-226-6000
Email: jhiggins@porterhedges.com
       sjohnson@porterhedges.com
       myoung-john@porterhedges.com

– and –

George A. Davis (NY Bar No. 2401214)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Tel:   212-906-1200
Email: george.davis@lw.com

– and –

Caroline Reckler (IL Bar No. 6275746)
Joseph C. Celentino (NY Bar No. 5508809)[4]
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Tel:   312-876-7700
Email: caroline.reckler@lw.com
       joe.celentino@lw.com

– and –

Jeffrey T. Mispagel (NY Bar No. 4842779)
Deniz A. Irgi (*pro hac vice admission pending*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Tel:   213-485-1234
Email: jeffrey.mispagel@lw.com
       deniz.irgi@lw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

---

[4] Not admitted to practice in Illinois. Admitted to practice in New York.

## CERTIFICATE OF ACCURACY

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Heath C. Gray*
Heath C. Gray


## CERTIFICATE OF SERVICE

I certify that on January 7, 2024, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/John F. Higgins*
John F. Higgins