UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| AUDACY, INC., *et al.,* | Case No. 24-90004 |
| Debtors. | (Jointly Administered) |

**ORACLE AMERICA, INC.'S CURE OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION FOR AUDACY, INC. AND ITS AFFILIATE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE ("RIGHTS RESERVATION")**

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 case, submits this Rights Reservation in response to the proposed assumption of Oracle's contract in connection with the *Joint Prepackaged Plan of Reorganization for Audacy, Inc. and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 24] ("Plan") filed by Audacy, Inc., et. al. ("Debtors"). In support of the Rights Reservation, Oracle states:

**I.     INTRODUCTION**

Through the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume an executory contract between the Debtors and Oracle. As discussed herein, Oracle objects to the proposed assumption of its agreement (the "Oracle Agreement") as the Debtors have neither cured all outstanding amounts owed under the contract, nor provided adequate assurance that such amounts will be paid. Accordingly, Oracle objects and reserves all of its rights regarding the Debtors' proposed assumption of Oracle's contract.

BN 80898076v1

-1-

## II. FACTUAL BACKGROUND

The above captioned case was filed on January 7, 2024 ("Petition Date"), and an order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

On the Petition Date, the Debtors filed the Plan, which provides for assumption of all executory contracts (unless specifically rejected). The Plan states as follows:

> On the Effective Date, all Executory Contracts and Unexpired Leases of the Debtors will be assumed by the Debtors in accordance with, and subject to, the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code, except for those Executory Contracts and Unexpired Leases that, in each case:
> (i) have been assumed or rejected by the Debtors by prior order of the Bankruptcy Court;
> (ii) are the subject of a motion to reject filed by the Debtors pending on the Effective Date;
> (iii) are identified as rejected Executory Contracts and Unexpired Leases by the Debtors on the Schedule of Rejected Executory Contracts and Unexpired Leases to be Filed in the Plan Supplement, which may be amended by the Debtors up to and through the Effective Date to add or remove Executory Contracts and Unexpired Leases by filing with the Bankruptcy Court a subsequent Plan Supplement and serving it on the affected non-Debtor contract parties; or
> (iv) are rejected or terminated pursuant to the terms of this Plan.

Plan Art. VI, § A.

On February 5, 2024, the Debtors filed a *Notice of Filing of Plan Supplement for the Joint Prepackaged Plan of Reorganization for Audacy, Inc. and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 216] ("Plan Supplement"). The Plan Supplement did not include the Schedule of Rejected Executory Contracts and Unexpired Leases. Therefore, Oracle understands that the Debtors intend to assume their entire contractual relationship with Oracle through the Plan. However, to do so, the Debtors must pay all sums owed in cure, including any post-petition amounts which may have come due. As of filing this Rights Reservation, Oracle is owed not less than $12,936.72, as follows:

| Invoice Date | Invoice Number | Invoice Amount |
|---|---|---|
| 1/27/21 | 8586050 | $4374.00 |
| 4/27/21 | 8630135 | $4374.00 |
| 6/30/21 | 8667819 | $3.72 |

| 11/14/23 | 101025109 | $4185.00 |

### III. ARGUMENT

#### A. To Assume the Oracle Agreement, the Debtors Must Cure All Arrearages.

Before assuming an unexpired executory contract, a debtor must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1). Absent the foregoing, a debtor may not assume an executory contract.

At present, Oracle believes that the cure amount is not less than $12,936.72. Absent Debtors' cure of the outstanding amounts due Oracle, the Debtors may not assume Oracle's agreements.

#### B. Unless the Debtors Provide Adequate Assurance of Future Performance, the Court Should Not Permit Assumption of Oracle's Contracts.

In addition to requiring that defaults be cured, Section 365(b)(2) of the Bankruptcy Code obligates a debtor to provide adequate assurance of future performance under the contract before the executory contract may be assumed. *See* 11 U.S.C. § 365(b)(2). In light of the Debtors' failure to provide either adequate assurance of prompt payment of the cure or future performance under the contract, Oracle is unable to determine whether Debtors have complied, or will comply, with all of the requirements of section 365(b) of the Bankruptcy Code. Accordingly, Oracle reserves its rights to be heard regarding all assumption and cure issues.

### IV. CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request for authority to assume any Oracle contract absent cure of all outstanding amounts due and owing to Oracle, and provision of adequate assurance regarding the proposed assumptions.

Dated: February 13, 2024

/s/ *Annie Catmull*
Annie Catmull
State Bar No. 00794932
**O'CONNOR WECHSLER PLLC**.
4400 Post Oak Parkway, Suite 2360
Houston, TX 77027
Telephone: (281) 814-5977
aecatmull@o-w-law.com

Local Counsel for
Oracle America, Inc.

Shawn M. Christianson, Esq.
**BUCHALTER, A Professional Corporation**
425 Market Street, Suite 2900
San Francisco, California 94105
Telephone: (415) 227-0900
schristianson@buchalter.com

Peggy Bruggman, Esq.
Alice Miller, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California 94065
Telephone: (650) 506-5200
Facsimile: (650) 506-7114

Attorneys for Oracle America, Inc.