IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AUDACY, INC., *et al.*, | § § § | Case No. 24-90004 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § § | Ref. Docket Nos: 53, 82, 157, and 168 |

**DECLARATION OF STEPHENIE KJONTVEDT
OF EPIQ CORPORATE RESTRUCTURING, LLC
REGARDING THE SOLICITATION AND TABULATION
OF BALLOTS CAST ON THE DEBTORS' CHAPTER 11 PLAN**

I, Stephenie Kjontvedt, declare, under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am Vice President, Senior Consultant of Epiq Corporate Restructuring, LLC ("**Epiq**"), located at 777 Third Avenue, 12th Floor, New York, NY 10017. I am over the age of eighteen years and not a party to the above-captioned action. Unless otherwise noted, I have personal knowledge of the facts set forth herein.

2. I submit this declaration (this "**Declaration**") with respect to the solicitation and the tabulation of ballots cast on the *Joint Prepackaged Plan of Reorganization for Audacy, Inc. and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code*, dated January 4, 2024 (as may be amended, supplemented, or modified from time to time, the "**Plan**") and certain noticing procedures implemented by Epiq in connection with these Chapter 11 Cases.[2] Except as otherwise indicated

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Audacy (the "**Case Website**"). The location of the Debtors' corporate headquarters and service address for purposes of these chapter 11 cases is: 2400 Market Street, 4th Fl, Philadelphia, PA 19103.

[2] All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Solicitation Procedures Order (as defined herein).

herein, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision, and my review of relevant documents. I am authorized to submit this Declaration on behalf of Epiq. If I were called to testify, I could and would testify competently as to the facts set forth herein.

3. Epiq is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Epiq and its professionals have considerable experience in notice, claims administration, solicitation, balloting, and facilitating the administrative aspects of chapter 11 cases.

4. Prior to the commencement of the Chapter 11 Cases, the Debtors retained Epiq as their claims, noticing, and solicitation agent, which was authorized by the Court on January 8, 2024 pursuant to the *Order Authorizing the Employment and Retention of Epiq Corporate Restructuring, LLC as Claims, Noticing, and Solicitation Agent* [Docket No. 53].

5. Among other things, Epiq was retained to assist with, (a) service of Solicitation Packages and (b) tabulation of votes cast on the Plan by Holders of Claims in the Voting Classes (as defined herein).

6. Pursuant to the Plan, only Holders of Claims in the following Classes (the "**Voting Classes**") were entitled to vote to accept or reject the Plan:

| Class[3] | Class Description |
|---|---|
| 4 | First Lien Claims |
| 5 | Second Lien Notes Claims |

7. The procedures for the solicitation and tabulation of votes on the Plan (the

---

[3] The Plan does not contemplate substantive consolidation of any of the Debtors' estates and constitutes a separate chapter 11 plan for each of the Debtors. Accordingly, the classification of Claims in the Voting Classes applies separately to each applicable Debtor.

"**Voting Procedures**") are outlined in the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Fixing Deadline to Object to Disclosure Statement and Plan; (III) Approving (A) Solicitation Procedures, (B) Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline, and (C) Notice of Non-Voting Status and Opt-Out Opportunity; (IV) Conditionally Approving Disclosure Statement; (V) Conditionally (A) Directing the United States Trustee Not to Convene Section 341 Meeting of Creditors and (B) Waiving Requirement of Filing Statements of Financial Affairs and Schedules of Assets and Liabilities; and (VI) Granting Related Relief* [Docket No. 82] (the "**Solicitation Procedures Order**") and in the ballots and master ballots (each a "**Ballot**").

8. The Voting Procedures established December 28, 2023 as the record date (the "**Voting Record Date**") for determining which creditors were entitled to vote on the Plan.

9. On January 5, 2024, Epiq commenced service of the Solicitation Packages and began soliciting Holders of Claims in the Voting Classes as of the Voting Record Date. Detailed descriptions of Epiq's distribution of solicitation materials are set forth in Epiq's *Certificates of Service*, which were filed with this Court on January 18, 2024 [Docket No. 157] and on January 23, 2024 [Docket No. 168].

10. For a Ballot to be counted as valid, the Ballot must have been (a) properly completed pursuant to the Voting Procedures, (b) executed by the relevant Holder of Claim entitled to vote on the Plan (or such Holder's authorized representative), (c) returned to Epiq via an approved method of delivery set forth in the Ballots, and (d) received by February 12, 2024, at 5:00 p.m. (prevailing Central Time) (the "**Voting Deadline**").

11. Ballots cast by Holders of Claims entitled to vote in the Voting Classes received by Epiq on or before the Voting Deadline were tabulated in accordance with the Voting Procedures.

12. I declare that the results of the voting by Holders of Claims in the Voting Classes are as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes received by Epiq.

13. A report of all Ballots not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as **Exhibit B** hereto.

14. As set forth in the Certificates of Service, on January 9, 2024 and January 11, 2024, Epiq served non-voting parties with the *Notice of (I) Commencement of Prepackaged Case Under Chapter 11 of the Bankruptcy Code, (II) Combined Hearing on the Disclosure Statement, Confirmation of the "Prepackaged" Chapter 11 Plan, and Related Matters, and (III) Objection Deadlines -and- Summary of Prepackaged Chapter 11 Plan* (the "**Combined Notice**") and the *Notice of (A) Non-Voting Status to Non-Affiliate Holders or Potential Holders of (I) Unimpaired Claims Conclusively Presumed to Accept the Plan and (II) Impaired Claims or Equity Interests Conclusively Deemed to Reject the Plan and (B) Opportunity for Holders of Claims and Equity Interests to Opt Out of the Third Party Release* (the "**Notice of Non-Voting Status**" and "**Release Opt-Out Form**") providing them with the opportunity to "opt out" of the Third-Party Release set forth in Article X of the Plan.

15. The non-voting parties who were served (as more fully described in the Certificates of Service) with the Combined Notice, Notice of Non-Voting Status, and Release Opt-Out Form included Holders of Class 10 Existing Parent Equity Interests. The methods of service undertaken by Epiq on behalf of the Debtors with respect to Class 10 Existing Parent Equity Interests, including the service of registered holders of Existing Parent Equity Interests and Nominees on behalf of beneficial owners of Existing Parent Equity Interests, are typical for chapter 11 cases involving publicly traded companies.

16. Parties-in-interest were given the option to opt out of the Third-Party Release by checking a box on the applicable Ballot or on the Release Opt-Out Form provided with the Notice of Non-Voting Status. Epiq reviewed and tabulated the elections recorded on the submitted Ballots and on the submitted Release Opt-Out Forms. Epiq examined each valid Ballot and each valid Release Opt-Out Form to determine which parties opted out of the Third-Party Release. As reflected in **Exhibit C** hereto, 90 parties affirmatively elected to opt out of the Third-Party Release.

17. One of the parties who timely submitted a Release Opt-Out Form was Alan Adams, who has filed a letter with the Court [Docket No. 229] (the "Adams Letter"), and I understand that the Adams Letter is considered to be an objection to the Plan. In the Adams Letter, Mr. Adams indicates that he is a Holder of Class 10 Existing Parent Equity Interests, although no proof of ownership was required to be submitted. The Release Opt-Out Form submitted by Mr. Adams is attached hereto as **Exhibit D**; however, the contact information provided by Mr. Adams on his Release Opt-Out Form has been redacted for confidentiality reasons. The Debtors have requested, and Epiq has provided, an unredacted copy to have available to the Court upon request.

[*Remainder of Page Intentionally Left Blank*]

- 6 -

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 15, 2024

>  */s/ Stephenie Kjontvedt*
> Stephenie Kjontvedt
> Vice President, Senior Consultant
> Epiq Corporate Restructuring, LLC