IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AUDACY, INC., *et al.*, | § § § | Case No. 24-90004 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § § | |

**DECLARATION OF RICHARD J. SCHMAELING IN SUPPORT OF
DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) APPROVING
SALE OF CERTAIN ASSETS TO ATS-NEEDHAM LLC, (II) APPROVING RELATED
EASEMENT AGREEMENT, AND (III) GRANTING RELATED RELIEF**

I, Richard J. Schmaeling, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I submit this declaration (the "**Declaration**") in support of the *Debtors' Emergency Motion for Entry of an Order (I) Approving Sale of Certain Assets to ATS-Needham LLC, (II) Approving Related Easement Agreement, and (III) Granting Related Relief* [Docket No. 232] (the "**Motion**").[2]

2. I serve as the Executive Vice President and Chief Financial Officer of the above-captioned debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**" and together with their non-debtor affiliates and subsidiaries, the "**Company**" or "**Audacy**"). I have served as Executive Vice President and Chief Financial Officer of Audacy, Inc. since April 2017, supporting the Company through its 2017 merger with CBS Radio. Previously,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Audacy. The location of the Debtors' corporate headquarters and service address for purposes of these chapter 11 cases is: 2400 Market Street, 4th Fl, Philadelphia, PA 19103.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

I served as Chief Financial Officer at Travel Leaders Group, Chief Financial Officer of LIN Media, and Vice President of Finance at Dow Jones.

3. As a result of my roles at Audacy, I am familiar with the Debtors' business, day-to-day operations, and financial affairs, and I have been closely involved in the Debtors' restructuring efforts. I am an individual over the age of 18 and, if called upon, could and would testify to the facts set forth in this Declaration. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by members of the Debtors' management and professionals, information learned from my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtors' industry, operations and financial condition. If called upon to testify, I would testify competently to the facts set forth herein on that basis.

## **THE PSA**

4. Under the terms of the proposed PSA, Needham will purchase the Property, a parcel that houses radio towers and an operations building used by Audacy Massachusetts and separate wireless tower and building facilities owned by Needham, for $3.5 million. Pursuant to the terms of the proposed PSA, the Debtors will enter into certain ancillary agreements, including a proposed Easement Agreement giving the Debtors a perpetual easement in and to the land under certain areas of the Property used in connection with the continued tower operations of station WEEI-AM owned by Audacy Massachusetts LLC. The Sale (including the proposed Easement Agreement and other ancillary documents) will allow the Debtors to monetize the Property while continuing to use it as a tower site location rent-free in perpetuity.

5. I have reviewed the proposed PSA and Easement Agreement; and the following sets forth a summary of the material terms and conditions thereof:[3]

| Seller | Debtor Audacy Atlas, LLC, a Delaware limited liability company |
|---|---|
| Purchaser | ATS-Needham LLC, a Delaware limited liability company |
| Property | 1555 Central Avenue, Needham, MA, including any improvements thereto (the "**Property**") |
| Purchase Price | $3,500,000 (the "**Purchase Price**"), payable upon closing |
| Closing Date | No later than February 28, 2024, unless mutually agreed to be extended, or the Purchaser can terminate the agreement if the Seller is not prepared to convey the Property at closing |
| Easement | Contingent upon the conveyance of the Property from Seller to Purchaser, the Parties shall enter into an Easement Agreement (the "**Easement Agreement**") whereby Purchaser shall grant to Seller an exclusive, perpetual easement in and to the land underlying the three (3) guyed towers on the Property, one (1) brick building on the Property, and one (1) garage on the Property (collectively the "**Exclusive Easement Areas**"), together with a perpetual, non-exclusive access over the Property for access and utilities to and from the Exclusive Easement Areas<br><br>Seller continues to pay its own utilities and maintenance expenses for its owned towers and access road to the Exclusive Easement Areas and to reimburse Purchaser for 15% of the real property taxes assessed on the Property |

6. I believe that this is the best offer available to the Debtors for the Property.

7. In 2022, the Debtors engaged in a substantial, months-long marketing process coordinated by the Debtors' long-standing advisor, Jones Lang LaSalle Incorporated. As a result of the marketing process, the Debtors received multiple offers from a variety of potential users and real estate developers, including Needham. The Debtors therefore decided to pursue the Needham

---

[3] This is a general overview, not a complete summary of all terms, and is subject in all respects to the terms of the Definitive Documents.

offer. Since 2022, the Debtors have engaged in an extensive, arm's-length negotiation and due diligence process with Needham. The Debtors and Needham have come to agreement on the substantive terms of a sale of Property and an expected sign-and-close transaction on or before February 28, 2024.

8. All other offers included either (1) a rezoning requirement, which the Debtors could not guarantee would be met based on zoning regulations, or (2) a construction requirement, which would disrupt the Debtors' current operations at the Property. Needham's offer has no rezoning requirement and Needham has agreed to allow the Debtors to continue their operations on the Property uninterrupted. Needham's offer is therefore the best offer among those received, as it is most likely to close and will not disrupt the Debtors' business operations. Given the extensive marketing efforts already undertaken, I do not believe that additional marketing efforts would result in a higher or better offer than the current offer from Needham.

9. The Debtors and Needham have been working cooperatively, targeting February 28, 2024 to complete the sign-and-close deal. Any delays in the anticipated timeline may frustrate those efforts, resulting in Needham foregoing the transaction entirely, preventing the Debtors from receiving $3.5 million for the Property while continuing to access the Property under the Sale. In order to maximize the value of the Property, it is essential that the sale of the Property occurs within the time constraints set forth in the Motion and proposed PSA.

10. The Debtors are selling the Property on terms beneficial to the Debtors and their estates. The sale of the Property to Needham will generate much-needed additional liquidity for the Debtors at a fair and reasonable price. Based on the prepetition marketing efforts, I am confident that the transaction maximizes the value of the Property for the Debtors' estates. The

Sale will allow Audacy Atlas to retain a perpetual easement in a portion of the Property, preserving the Debtors' seamless operations while receiving the Sale proceeds.

11. In addition, I believe that the terms of the proposed Easement Agreement are fair and reasonable, and are necessary for the consummation of the Sale. The proposed Easement Agreement ensures that the Debtors will continue to utilize to the Property after the Sale.

12. I believe that the proposed Sale of the Property, and the entry into the proposed PSA and Easement Agreement are in the best interest of the Debtors' estates.

13. I am unaware of any mortgages, liens, claims, interests, or encumbrances on the Property.

14. Without a guarantee that the Property is sold free and clear of any encumbrances, the title company has indicated that it will not provide insurance to Needham since Audacy Atlas is in bankruptcy. Without title insurance, Needham has indicated that it will not agree to purchase the Property.

15. The PSA and other Definitive Documents were offered in good faith, from arm's-length bargaining positions without collusion or fraud. Needham has acted in good faith in connection with the Sale and is a good faith purchaser.

16. Audacy Atlas holds good title to the Property.

17. For the reasons stated herein, I respectfully submit that approval of the Motion is in the best interests of the Debtors and their stakeholders.

* * *

I certify under penalty of perjury that, based upon my knowledge, information and belief as set forth in this Declaration, the foregoing is true and correct.

Dated:  February 16, 2024             */s/ Richard J. Schmaeling*
                                      Richard J. Schmaeling
                                      Executive Vice President and Chief Financial Officer
                                      Audacy, Inc.